COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, Haley and Beales
Argued by teleconference


CLARENCE ALSTON, III

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1605-06-1                          JUDGE RANDOLPH A. BEALES
                                                        JANUARY 8, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                                  Lydia Calvert Taylor, Judge

            Catherine E. P. Haas, Assistant Appellate Defender (Office of the
            Appellate Defender, on briefs), for appellant.

            Alice T. Armstrong, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        A jury found Clarence Alston, III (appellant) guilty of second-degree murder and use of a

firearm in commission of a felony. The jury sentenced appellant to thirty-three years

incarceration on the second-degree murder charge and three years incarceration on the firearm

charge. The trial court imposed the jury's recommended sentence without modification.

However, on the subject of postrelease supervision, the trial court stated:

            I don't know whether it's better six of one, half dozen of another to
            put you on post release supervision as opposed to suspending two
            or three years and giving you some time over your head for the ten
            years after you get out . . . I will impose the time and place you on
            *a post release suspension for ten years*, but I really would ask any
            violation --- I'll be long gone by then anyway, but I don't
            understand post release supervision, therefore I am going to let
            someone else handle that if you were to come back.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(Emphasis added.)  Appellant's sentencing order reflected that he would "be placed on 10 years post release supervision."

Both appellant and the Commonwealth concede that the length of appellant's postrelease supervision is the only issue before the Court in this appeal.  The sentence of thirty-six years active incarceration is not in dispute before this Court.  Both appellant and appellee agree that the minimum term mandated by Code § 19.2-295.2 is six months and that the maximum term allowed by that statute is six years, given that appellant was convicted of two felonies (i.e., three years for each of the two felonies).  It is not at all clear from a review of the record whether the trial judge actually meant to impose the maximum term of postrelease supervision allowed by statute.  The trial judge states that she was also considering "suspending two or three years [of the active sentence] and giving [appellant] some time over [appellant's] head for the ten years after [appellant] get[s] out."  She states that she thinks the two- or three-year suspension and the postrelease supervision are "six of one, half dozen of another."  Such a statement, along with her admitted confusion about postrelease supervision, would indicate that she is not necessarily trying to sentence appellant to the maximum term of postrelease supervision.[1]  Therefore, we remand this case to the trial court with instructions to fix the term of postrelease supervision between the confines of six months and six years.[2]

Remanded.

---

[1] If it were clear that the trial judge intended to impose the maximum term of postrelease supervision allowed by Code § 19.2-295.2, we would simply reduce the period of appellant's postrelease supervision to six years.

[2] At oral argument, the Commonwealth stated that, while it would argue for simply reducing the term of postrelease supervision from ten years to the maximum six years allowed by law, it would not object to this remedy, if this Court deemed it appropriate.